IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


CRAIG NW REYNOLDS,

                              Plaintiff,

        v.

                                                Civil No. 10-71-ST

MICHAEL J. ASTRUE, Commissioner,                OPINION AND ORDER
Social Security, Administration,

                              Defendant.

_____

STEWART, Magistrate Judge:

## **INTRODUCTION**

        Plaintiff, Craig NW Reynolds, filed this action against defendant, Commissioner of the

Social Security Administration, seeking review of the Commissioner's decision upon remand for

1 - OPINION AND ORDER

a rehearing which denied his request for Disability Insurance Benefits ("DIB") based on the effects of multiple sclerosis. On March 3, 2011, this court entered a Judgment reversing and remanding the Commissioner's decision for a determination of benefits pursuant to sentence four of 42 USC § 405(g) (docket # 19).

On May 26, 2011, Reynolds' attorney filed an Amended Application for Fees Pursuant to the Equal Access to Justice Act ("EAJA") in the sum of $3,622.33 (docket # 20). Based on the Stipulation by the Commissioner (docket # 21), the court granted that application on May 27, 2011 (docket # 23). Reynolds also was awarded EAJA fees of $3,867.30 in his first action which resulted in a remand for a rehearing. *Reynolds v. Astrue*, Case No. 06-CV-827-MA (docket # 30). Thus, he has been awarded total EAJA fees of $7,489.63.

On July 25, 2011, Reynolds' attorney filed an Amended Motion for Attorney Fees Under 42 USC § 406(b) (docket # 29), seeking fees in the sum of $13,489.63 (17.08% of the retroactive benefits awarded). The Commissioner filed no response to this motion.[1] For the reasons set forth below, that motion should be granted.

## LEGAL STANDARD

In Social Security cases, attorney fees may be awarded under both the EAJA and 42 USC § 406(b). Congress enacted the EAJA in 1980 to permit recovery of attorney fees in those cases where "the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht, v. Barnhart*, 535 US 789, 796 (2002), citing 28 USC § 2412(d)(1)(A). EAJA fees are determined by the time spent multiplied by a capped hourly rate. *Id*, citing 28 USC § 2412(d)(2)(A). In contrast, pursuant to 42 USC § 406(b)(1)(A), "the court may determine and allow as part of its

---

[1] The Commissioner has no reason to oppose an attorney fee request under § 406(b) since any fee awarded will be paid by the claimant from the benefits awarded.

judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the

past-due benefits to which the claimant is entitled by reason of such judgment." Such fee awards

are paid from a claimant's retroactive benefits award. *Id*.  In attorney fee motions under 42 USC

§ 406(b), the real party in interest is the attorney, not the claimant. *Id* at 798 n6.  An attorney

receiving a § 406(b) fee award may not seek any other compensation from a claimant. *Id* at 796.

Accordingly, when a court approves both an EAJA fee and a § 406(b) fee, the claimant's attorney

must refund to the claimant the smaller amount of the two awards. *Id*.

    The § 406(b) fee is not determined by the lodestar method which governs fee-shifting

disputes. *Id* at 800-01.  Instead, contingency fee agreements not exceeding 25% of the claimant's

retroactive benefits are enforceable under § 406(b) subject only to the court's review "to assure

that they yield reasonable results in particular cases." *Id* at 807.  The claimant's attorney bears

the burden to establish the reasonableness of the fee. *Id*.

    The Ninth Circuit has articulated four factors derived from *Gisbrecht* that district courts

should use in determining whether a reduction from the contingent fee agreement is appropriate:

    1. the character of the representation, specifically, whether the representation was

    "substandard;"

    2.  the results the representative achieved;

    3.  any delay attributable to the attorney seeking the fee; and

    4.  whether the benefits obtained were "not in proportion to the time spent on the case"

    and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford v. Astrue*, 586 F3d 1142, 1151-53 (9th Cir 2009).

3 - OPINION AND ORDER

In other words, the court is empowered to exercise discretion to ensure that the claimant is protected from having to surrender retroactive disability benefits in a disproportionate payment to counsel. *Id* at 1151, citing *Gisbrecht*, 535 US at 808.

## DISCUSSION

### I.   Contingency Fee Agreement

The first step in the *Gisbrecht* analysis is to examine the contingent fee agreement to determine if it is within the statutory 25% ceiling of § 406(b). Reynolds has submitted a copy of the signed contingent fee agreement which provides for payment of a fee to his attorneys equal to 25% of any past-due benefits awarded. Application for Fees Pursuant to EAJA (docket # 20), Ex. B (docket # 32). This falls within the statutory limits, and the record reveals "no evidence of fraud or overreaching in the making of the 25% contingent-fee agreement." *Id*.

The next step is to confirm that the requested fee does not exceed the 25% ceiling of § 406(b). Reynolds' attorney has submitted a benefit award dated March 26, 2011, for past-due disability benefits from March 2002 through February 2011 in the sum of $78,942.00. Amended Motion for Attorney Fees Under 42 USC § 406(b), Attach. 1, p. 3. For payment of attorney fees, the SSA has withheld $19,735.50, representing 25% of the past due benefits. *Id*.

### II.   Reasonableness Determination

#### A.   Character of the Representation

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award. *Gisbrecht*, 535 US at 808; *Crawford*, 586 F3d at 1151. As an example of substandard representation, *Gisbrecht* cites *Lewis v. Sec'y of Health and Human Servs.*, 707 F2d 246 (6th Cir 1983). *Lewis* considered the counsel's poor preparation for hearings, failures to meet

briefing deadlines, submissions of court documents void of legal citations, and misconduct in overbilling the claimant to amount to substandard representation. *Lewis*, 707 F2d at 248-50.

The record does not suggest that the performance by Reynolds' attorney was substandard. The briefs filed in this court contained a thorough and persuasive analysis of the legal errors committed by the ALJ. Thus, no reduction is warranted due to the character of the representation.

### B.   Results Achieved

As a result of the efforts of Reynolds' attorney, this case was initially remanded for a rehearing based on the parties' stipulation and, after receiving a second unfavorable decision, appealed again, concluding in a remand for an award of benefits. However, an award of benefits should not be viewed in isolation or always presumed to require a fee award of 25% of a claimant's retroactive benefits award.

> If obtaining benefits always supported awarding fees for the full twenty-five percent, it would make irrelevant the other *Gisbrecht* factors and render perfunctory the trial courts' assigned task of "making reasonableness determinations in a wide variety of contexts[.]"

*Dunnigan v. Astrue,* No. 07-CV-1645-AC, 2009 WL 6067058, at *12 (D Or Dec. 23, 2009), quoting *Gisbrecht*, 535 US at 808.

### C.   Dilatoriness

A § 406(b) fee award may be reduced for delays in the proceedings attributable to the claimant's attorney. *See Gisbrecht*, 535 US at 808; *Crawford*, 586 F3d at 1151. This reduction is appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 US at 808 (citation omitted).

Reynolds' attorney sought only one unopposed request for an extension of time to file the opening brief for 35 days in the first appeal (docket # 11) and one unopposed request for extensions of time to file the opening brief for 15 days in the second appeal (docket # 10). These minimal extensions of time do not suggest any intent to unnecessarily delay the proceedings in order to maximize the attorney's fee award. Thus, no deduction for delay is warranted.

**D.    Proportionality of Benefits Awarded to Time Spent**

A § 406(b) award may be reduced if the benefits awarded to the claimant "are not in proportion to the time spent on the case" by the claimant's attorney. *Crawford*, 586 F3d at 1151, citing *Gisbrecht*, 535 US at 808. In that regard, the court may consider the records of time incurred by the attorney and a statement of the attorney's normal hourly fee in non-contingent matters.

According to the time records submitted in support of the request for EAJA fees in this case (docket # 20, Ex. A), Reynolds' attorney expended a total of 20.7 hours to draft the complaint, summons and plaintiff's brief. She also represents that she expended an additional 23.3 hours for the first appeal,[2] for a total of 44 hours. In this action, the opening brief of 24 pages and the reply brief of four pages both addressed several alleged errors. Based on a review of the briefs filed and issues raised, the number of total hours spent on this case is not inherently unreasonable. In *Harden v. Comm'r*, 497 F Supp2d 1214, 1215 (D Or 2007), Judge Mosman observed that "[t]here is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a Social Security case that does not present particular

---

[2] Although Reynolds' attorney did not submit any time records for the first appeal, 23.3 hours appears to accurate based on the amount of EAJA fees awarded.

difficulty" (citing cases). He concluded that absent unusual circumstances or complexity, "this range provides an accurate framework for measuring whether the amount of time counsel spent is reasonable." *Id* at 1216. *See also Gill v. Comm'r*, 07-CV-812-HU (D Or Dec. 10, 2008). Although this case did not present issues that were either unusual or complex, the number of hours expended for two appeals is reasonable.

The award requested by Reynolds' attorney of $13,489.63 results in an effective hourly rate of $306.58. Reynolds' attorney has not submitted any evidence as to her normal hourly rate, if any, for non-contingent matters. However, based on the Oregon State Bar 2007 Economic Survey, for all attorneys in Portland in private practice in the "other" category, the average hourly rate is $242.00 and the median hourly rate is $222.00, and for all Portland attorneys, the average hourly rate is $244.00 and the median hourly rate is $230.00. The median hourly rate in Portland for a lawyer practicing 21-30 years, such as Reynolds' attorney, is $275.00. Under a traditional lodestar approach, an effective hourly rate of $306.58 is more than that range.

However, the goal under § 406(b) is not to compensate attorneys strictly for time expended as under lodestar approach, but to compensate them commensurately with the results achieved. As Magistrate Judge Papak posited, "a contingency fee award is disproportionately high where it disproportionately overcompensates for the pre-litigation risk of an unfavorable result." *Kovacevic v. Comm'r Soc. Sec. Admin.*, No. 05-CV-512-PK, 2010 WL 1406450, at *6 (D Or March 2, 2010). But, as he also acknowledges, this approach leaves open the questions of how to determine pre-litigation risk and how to avoid overcompensating that risk in order to avoid a windfall. To a claim that was significantly less risky than the average claim, Magistrate Judge Papak applied a risk factor "potentially as high as 40%." *Id* at *7. Using $222.00 as the

7 - OPINION AND ORDER

benchmark hourly rate, a 40% risk of winning results in a 2.5 multiplier (100/40) for an effective

hourly of $555.00, which is substantially higher than the requested effective hourly rate requested

here.

Reynolds' attorney argues that the risk of non-payment justifies a contingency multiplier

of 2.78 based on a 36% chance of prevailing.[3]  Applying this multiplier to the median hourly rate

of $222.00 in the 2007 OSB Economic Survey results in $617.16 per hour, much higher than the

effective hourly rate sought here.  However, the analysis by Reynolds' attorney fails to comply

with directive by *Crawford* that the risk to be considered is that of the "specific case at issue" and

not the lawyer's "overall success rate."  Consideration of the success rate of social security

appeals in general is inappropriate, and Reynolds' attorney has not presented any evidence as to

any pre-litigation estimate of the risk of an unfavorable outcome in this specific case.

Despite the deficiencies in the analysis presented by Reynolds' attorney, this court

concludes that an award of attorney fees equal to 17.08% of the retroactive benefits award is

reasonable in this case.

///

///

///

///

///

///

///

---

[3] This calculation purportedly is based on the data cited in the briefs submitted in *Gisbrecht*.

8 - OPINION AND ORDER

## **ORDER**

Plaintiff's Amended Motion for Approval of Attorney Fees Pursuant to 42 USC § 406(b) (docket # 29) is GRANTED in the sum of $13,489.63.  When issuing payment to plaintiff's attorney, Sara L. Gabin, defendant is directed to subtract the amount of $7,489.63 previously awarded under EAJA for the same hours, and to send to attorney Gabin the balance of $6,000.00, minus any applicable user fee.  Any remaining amount being withheld (including the EAJA fee offset) should then be released to plaintiff as soon as practicable.

DATED this 28th day of July, 2011.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

9 - OPINION AND ORDER